Penn Mutual Life Insurance Company, v. M. S. Forbes, Administrator, et al., Appellees. Arthur B. White, Appellant.

Gen. No. 6,177.   (Not to be reported in full.)

Appeal from the Circuit Court of Carroll county; the Hon. Oscar E. Heard, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded with directions. Opinion filed August 10, 1916.

## Statement of the Case.

Bill in equity filed by the Penn Mutual Life Insurance Company, complainant, against M. S. Forbes, administrator of the estate of Lizzie White, deceased, Arthur B. White and Lulu M. Wheeler, defendants, praying that the defendants be impleaded and their rights to the proceeds of a life insurance policy in the

hands of the complainant be determined. From a decree, the defendant Arthur B. White appeals.

Lizzie White, deceased, in her lifetime took out a life insurance policy in the sum of $2,000, in the Penn Mutual Life Insurance Company, which was payable to the executors, administrators or assigns of the insured. On the 16th day of October, 1894, this policy was assigned by her to her two children, Arthur B. White and Lulu M. White, who were minors at that time. The assignment was properly executed by the insured in the regular way, as required by the insurance company, and witnessed by an agent of the insurance company. A duplicate copy of the assignment was furnished by the insurance company and received by the company about November 1, 1894, and the company accepted the assignment as a transfer of the right to the benefits accruing under the policy. Whether the assignment was ever attached to the policy, which was retained by the insured, did not clearly appear.

The insured died on December 24, 1912. At the time of her death the insurance policy was still in her possession. Just prior to her death the insured made a last will in which she bequeathed the entire proceeds of the policy to her daughter, Lulu M. Wheeler, formerly Lulu M. White. The will was afterwards probated in the County Court of Carroll county, and the defendant M. S. Forbes was appointed administrator of the estate. The administrator claimed the proceeds of the policy and thereupon the insurance company filed a bill of interpleader in the Circuit Court of Carroll county, in which the company set forth the facts relative to the issuing of the policy to the insured and the subsequent assignment thereof to her children, and the fact that the proceeds of the policy were also claimed by the administrator of the estate of the insured. It also appeared from the bill that the net amount due under the policy was $1,760.32; that under the terms of the policy an unpaid premium note of

$262.48 was to be deducted from the gross amount due under the policy, and the complainant prayed to be allowed to pay the money into court so that the parties claiming the same could interplead.

Upon the hearing of the bill of interpleader the court entered a decree directing the insurance company to pay the $1,760.32 to the clerk of the court for the benefit of the party who might subsequently be decreed to be entitled thereto, and discharging the insurance company from all further liability in connection with the matter. The cause was thereupon referred to a special master in chancery to inquire into and report which of the defendants interpleading was entitled to the fund in controversy. The master, under the reference, heard all evidence offered by the respective parties to the suit.

Evidence was offered before the master not only concerning the matters pertaining to the assignment, the validity of which was in controversy, but there was also considerable evidence offered concerning the supposed disposition of some of the assets of the insured by her brother, Frank E. Adams, and concerning a supposed contract entered into by Adams with Lulu M. White, on the strength of which it was claimed by Adams that she requested him, as executor, named in the will of the insured, to pay her brother $1,000, and to reimburse himself from the proceeds of the policy, when he should collect the same; also evidence tending to prove that Lulu M. White afterwards, at the instance of her husband, repudiated this alleged agreement and that afterwards Adams was arrested in Clinton, Iowa, upon a charge of concealing the will of the insured, and that certain parties, including Lulu M. Wheeler and her husband and Arthur B. White, by means of this arrest and threatened prosecution, procured from Adams the payment of $1,000 to Arthur B. White, and also other money. Adams testified that before his arrest he had voluntarily paid to Lulu M.

Wheeler, by the directions he had received from his sister, the deceased insured, before her death, the sum of $500, and also $200 to Arthur B. White.

He further testified that there never were any assets of the estate of Lizzie White in his hands from which any payment could be made; that she had donated to him all the assets of her estate before her death, and that she left none except the insurance policy.

McMahon & Rogers, for appellant Arthur B. White.

F. J. Stransky, for Mark S. Forbes, Administrator.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 567*—*what not proper issues in action of interpleader.* In a suit in equity where an insurance company paid the amount due on a policy into court and impleaded as defendants the administrator of the deceased insured's estate and her two children, claiming the proceeds of such policy as assignees thereof, *held* that the issues whether certain moneys, claimed to have been paid by one not a party to the suit to the assignees on the alleged agreement that reimbursement should be had from the proceeds of such policy when collected, were in fact so paid, and whether they were paid from assets of the estate or from moneys belonging to such third party individually, were issues not properly within the suit since rights under such agreement, if existent, were personal ones between the assignees and the third party, and as to whether the money so paid belonged to the estate was a matter to be settled between the administrator and such third party in a proper proceeding in which he should be duly made a party.

2. INSURANCE—*when administrator may not question assignment of policy.* Though an insurance company requires that the assignment of a policy be attached to the policy, failure to comply therewith cannot be raised by the insured's administrator in an attack on the validity of such assignment, the estate having been the original beneficiary and the company having recognized the assignment.

3. INSURANCE, § 174*—*how delivery of assigned policy may be*

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Penn Mut. Life Ins. Co. v. Forbes, 200 Ill. App. 441.

*made.* Manual delivery of an assigned policy of insurance to the assignees is not necessary to validate the assignment, and such delivery may be by acts without words, or by words without acts, or by both.

4. COMPROMISE AND SETTLEMENT, § 16*—*when acceptance of settlement by minor presumed.* In the case of minors where a voluntary settlement is made for their benefit, an acceptance is presumed.

5. INSURANCE, § 175*—*when assignment of policy valid.* Where the insured executed in duplicate an assignment of a policy, payable to her estate, to her minor children, and sent a copy of such assignment to the insurance company, which was accepted by it, and retained the policy in her possession until her death, *held* such assignment was valid without a manual delivery of the policy.

6. INSURANCE, § 504*—*who may be made beneficiary upon change of.* An insurance policy payable to the insured's estate may, by him with the consent of the insurer, be made payable to any one not prohibited by law from becoming a beneficiary thereunder.

7. INSURANCE, § 504*—*when substituted beneficiary entitled to proceeds.* A delivery of a policy to one substituted, with consent of the insured, as beneficiary therein is not necessary to entitle such beneficiary to the proceeds thereof.

8. INSURANCE, § 504*—*what constitutes change of beneficiary.* A duly executed assignment of a policy of insurance, payable to the insured's executors, etc., is in effect but a change of beneficiary, and no delivery is necessary to make it valid.

9. INSURANCE, § 179*—*what is effect of will making different disposition of proceeds of assigned policy.* Where a policy of insurance payable to the insured's executors, etc., was duly assigned to the insured's minor children, though she retained possession thereof until her death, *held* that a different disposition of the proceeds thereof by will was ineffective.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.