No. 34,477

MAUDE TURNER, *Appellee*, v. THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA, N. J. WOLLARD, Administrator of the Estate of Wil-
liam Needham, Deceased (Substituted), *Appellant*.

(96 P. 2d 641)

Opinion filed December 9, 1939.

*Elmer E. Martin,* of Kansas City, for the appellant.
*Carl W. Fincke* and *Buford E. Braly,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This action was on two insurance policies issued by
the Prudential Insurance Company of America on the life of William
Needham. One policy for $280 was issued May 26, 1928, and one
for $140 was issued August 12, 1929.

William Needham, the insured, died intestate January 17, 1937.
On March 5, 1937, N. J. Wollard, public administrator, was duly ap-
pointed administrator of the estate of Needham.

On May 12, 1937, the appellee herein brought an action against
the Prudential Insurance Company on both policies. In the petition
plaintiff alleged she had an insurable interest in the life of the in-
sured, Needham, and that she was the beneficiary named in the
policies.

Both policies were payable to the executors or administrators of
the insured. Both policies contained the following facility of pay-
ment clause:

"It is understood and agreed that the said company may make any payment
or grant any nonforfeiture provision provided for in this policy to any relative
by blood or connection by marriage of the insured, or to any person appearing

to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

Attached to the petition were two instruments in writing signed by the insured. These statements are identical, except as to the policy numbers. A copy in reference to one policy reads as follows:

"FOR ADULTS ONLY

"To the Prudential Insurance Company of America, Incorporated Under the Laws of the State of New Jersey, Home Office, Newark, New Jersey.

January 4, 1934.

"Edward D. Duffield, President.

"I, the undersigned, insured under policy No. 74063236 in the above-named company, hereby request and authorize the said company, in event of my death prior to the death of the person next hereinafter named, to pay the amount of benefit specified in said policy to Maude B. Turner, my (state relationship, if any) ———— and the receipt signed by said person, or other sufficient proof of such payment, shall operate in the same manner as the receipt or proof of payment described in said policy.

"It is mutually agreed and understood, however, that nothing herein is to vary in any manner any of the provisions, agreements or conditions contained in said policy and the application therefor, especially the provision in the policy that the company may make any payment provided for in the policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same, anything herein to the contrary notwithstanding.

Witness, H. PARROTT, *Agt.*          (Signature) WILLIAM NEEDHAM.

*"This form must not be sent to home office, but should be retained by the holder of the policy and presented with the policy when claim is made."*

On January 12, 1938, the Prudential Insurance Company filed a pleading entitled "Affidavit under chapter 60-118, General Statutes of Kansas, 1935." This affidavit was signed by Ralph M. James, agent of the Prudential Insurance Company; it admitted the issuance of the policies sued upon as alleged. It stated that both policies were lapsed for nonpayment of premiums, January 28, 1935, but by virtue of their extended insurance provisions were still in force on the date of the death of William Needham, and that said company was indebted on account of the two policies in the total sum of $474.08. It stated that plaintiff was in possession of the policies, together with a written request and authorization signed

January 4, 1934, by the insured, authorizing and requesting that payment be made to plaintiff. It further stated that N. J. Wollard, administrator of the estate of William Needham, has furnished proof of his appointment, together with proof of loss, and made claims for the proceeds of the policies. That on account of said conflicting claims the policies had not been paid, and prayed for an order asking that N. J. Wollard be required to appear and make himself defendant; that the insurance company was ready to pay the money into court or comply with any order the court made concerning said sum provided it was released from liability.

Thereupon Wollard, the administrator, filed an answer setting up a claim to the proceeds of the policies.

The case was tried to the court without a jury. At the conclusion of the trial the court made findings of fact and rendered judgment for the plaintiff. The court found that the plaintiff had an insurable interest in the life of the insured, William Needham.

The administrator, as substituted defendant, contends that a change of the beneficiary in the policy would constitute a modification or change in the contract contrary to its express provisions. The general provision in the policy in reference to modification reads:

"No condition, provision or privilege of this policy can be waived or modified in any case except by an endorsement hereon signed by the president, one of the vice-presidents, the secretary, one of the assistant secretaries, the actuary, the associate actuary, or one of the assistant actuaries. . . . No agent has power in behalf of the company to make or modify this or any other contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise, or by making or receiving any representation or information."

It is asserted that these provisions forbid any change or modification unless such modification be in writing signed by the authorized officers of the company. It is further contended that the instrument in writing executed by the insured under which plaintiff claims can possibly do no more than identify plaintiff as being within the classes designated in the facility of payment clause.

We are unable to agree with these contentions.

The instrument signed by the insured specified that "I, the undersigned, insured" under the policy, "hereby request and authorize the said company, in the event of my death prior to the death of the person next hereinafter named, to pay the amount of benefit specified in said policy to Maude B. Turner," and further specified that

a receipt by her would amount to proof of payment. The company, by the subsequent language of the instrument, reserved the option to pay other persons under the facility of payment clause. As the option was not exercised, the integrity of assignment to Maude B. Turner remained unimpaired. The fact that the company paid the money into court could not impair or defeat any rights that she had. An assignment is the expression of intention by the assignor that his rights shall pass to the assignee. By the instrument in writing duly signed and delivered the insured manifested his intention to transfer his rights and claim under the policy to Maude B. Turner. The affidavit filed by the insurance company stated that the policies were in the possession of the plaintiff. This is not denied in the answer of the administrator.

In *Shawnee State Bank v. Royal Union Life Ins. Co.*, 127 Kan. 456, 274 Pac. 132, the right of the insured to assign and pledge a policy payable to his estate was recognized.

The provision in the instrument of assignment that "nothing herein is to vary in any manner any of the provisions, agreements or conditions contained in said policy and the application therefor, especially the provision," etc., as to the facility of payment clause, was patently made for the protection of the insurance company. In 31 C. J. 970, section 8, it is stated: "Beyond affording the company protection in paying to another, the facility of payment clause does not affect the beneficiary's rights."

No provision in the insurance contract has been called to our attention which in any way affects or restricts the right of the insured to assign the policy or change the beneficiary. A duly executed assignment is in effect a change of beneficiary. (*Penn. Mut. Life Ins. Co. v. Forbes*, 200 Ill. App. 441.) The evident purpose of the instrument executed by the insured was to substitute Maude B. Turner as beneficiary under the policy. We know of no reason why the intention of the insured so manifested should not be followed.

The judgment is affirmed.